# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROCKY JAY ROBERT REYNOLDS, ) | |
|     Plaintiff, ) | Civil Case No. 7:19-cv-00257 |
| v. ) | |
| ) | **MEMORADNUM OPINION** |
| DICKENSON COUNTY SHERIFF ) | |
| DEPT, *et al.*, ) | By: Norman K. Moon |
|     Defendants. ) | Senior United States District Judge |

Plaintiff Rocky Jay Roberts Reynolds, an inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. It is now before the court for review pursuant to 28 U.S.C. § 1915A(b). For the reasons discussed herein, I conclude that the complaint, as currently pled, fails to state a claim for which relief can be granted, and so must be dismissed.

## I. BACKGROUND

Reynolds was previously permitted to add allegations to his complaint. (Dkt. Nos. 7, 8.) He also has filed two subsequent documents docketed as motions to amend the complaint. (Dkt. Nos. 11, 19.) I will grant both of those motions and consider those allegations in reviewing the sufficiency of his complaint. Additionally, the Clerk will be directed to add T. Powers to the list of defendants. (*See* Dkt. No. 19.)

Based on Reynolds's correspondence with the Clerk and documents containing his supplemental allegations, there are four individuals who he names as defendants: Investigator Kenneth Hill (also known as Investigator Dump), Mike Stidham, Berry Yates, and T. Powers, in addition to the Dickenson County Sheriff Dept. (Dkt. Nos. 7, 19.)

It is not entirely clear from Reynolds's complaint, even with the additional allegations, precisely what his claims are. He alleges that he was "taken to the courthouse on a day" when he "didn't have court," and he was "lied to[,] threatened[,] and assaulted" by two investigators.

(Compl. 2, Dkt. No. 1.)  He references Yates, also a deputy for the Sheriff Department, and Correctional Officer Phleming, who is not named as a defendant, as being present.[1]

The investigators asked Reynolds to "buy drugs for them," which I interpret as them requesting that Reynolds participate in a controlled purchase of illegal drugs.  After he refused, they served new criminal charges on him.  When he asked for an attorney, they told him that a lawyer was not required for serving charges.[2]  He claims that he was forced to give his fingerprints, was taken before a magistrate judge, and that he was denied medical treatment "several times."[3]  In a later document, he appears to be arguing that defendant Stidham planted evidence (a firearm) and refers to unspecified deficiencies in a search warrant or search warrant affidavit related to those criminal charges.  (Dkt. No. 11 (referring to the search warrant and supporting affidavit and the planting of evidence).)  In his most recently filed allegations, he asserts that Powers "assaulted him" and that Powers and Hill forced him and threatened him to be fingerprinted.  The only details Reynolds offers as to his general assertion of "unnecessary force" or the denial of medical help are in his latest amendment.  He states:

> [Powers] jerked me up and down by the arm while I was chained
> to [a] bench and I blacked out[.]  [W]hen I woke up  he was jerking
> me up, instead of getting medical help.

(Dkt. No. 19.)

---

[1] His original complaint was unclear as to whether Yates and Phleming were the two investigators or simply were present.  Later documents, however, identify the two investigators clearly as Hill and Powers.  (Dkt. No. 7 at 1; Dkt. No. 11 at 1; Dkt. No. 19 at 1.)

[2] He also refers to his belief that his lawyer is "helping them."  He never identifies his attorney as a defendant in this case, though.

[3] As to the denial of medical treatment, Reynolds refers to a prior lawsuit he filed against Haysi Regional Jail.  I believe Reynolds is referring to another of his cases filed in this court—*Reynolds v. Southwest VA Regional Jail Auth.*, No. 7:19-cv-00219 (W.D. Va.).  Allegations raised in that lawsuit will be addressed separately in that case.

## II. DISCUSSION

Upon review of Reynolds's complaint, I conclude that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

### A. Defendant Dickenson County Sheriff Department and Official-Capacity Claims Against Deputy Sheriffs

To the extent Reynolds is naming "Dickenson County Sheriff Dept." as a defendant, his claims fail. First of all, no legal entity with that name exists; Virginia merely authorizes and identifies the duties of a sheriff and his deputies. *Cf.* Va. Code Ann. §§ 15.2-1609, 15.2-1609.1. But even if Reynolds had named the sheriff, a sheriff in Virginia is an "arm of the State" for purposes of the Eleventh Amendment and is entitled to Eleventh Amendment immunity from suit. *Bland v. Roberts*, 730 F.3d 368, 390–91 (4th Cir. 2013); *see also Cadmus v. Williamson*, No. 5:15-cv-045, 2016 WL 1047087, at *4–*5 (W.D. Va. Mar. 10, 2016) (dismissing with prejudice claims for money damages against the sheriff in his official

capacity). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Thus, all § 1983 claims seeking money damages against the sheriff in his official capacity are subject to dismissal.[4]

**B. Claims Related to Reynolds's Criminal Charges**

Second, to the extent that Reynolds is attempting to challenge the propriety of the criminal charges against him, the planting of evidence resulting in an invalid search warrant, his fingerprinting, or his appearance before a magistrate, those allegations do not appear to be viable at this time.[5]

As the Fourth Circuit has explained,

> "[a]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued"—*e.g.*, post-indictment or arraignment—are considered a § 1983 malicious prosecution claim. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996). Such a claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (quoting *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000)). To succeed, a plaintiff must show that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in [the] plaintiff's favor." *Id.*

*Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017), *as amended* (Aug. 22, 2017).

Reynolds does not allege that the criminal proceedings at issue terminated in his favor,

---

[4] Reynolds does not identify any action or omission by the sheriff himself that could give rise to an individual-capacity claim.

[5] Reynolds alleges that he was served with charges on the date of these incidents, so it is unclear why he believes it violated his constitutional rights to be fingerprinted or brought before a magistrate. *See* Va. Code Ann. § 19.2-392 (authorizing fingerprinting upon the arrest of any person charged with a felony and certain misdemeanors); § 19.2-390 (setting forth circumstances under which fingerprinting is required and discussing appearances before a magistrate).

nor does he identify his charges, the issuing jurisdiction, or the date this occurred with sufficient particularity to research state court records.[6] But unless the charges brought on that day have been terminated in Reynolds's favor, which he does not allege, then he may not bring § 1983 claims that would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As the Supreme Court has explained, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction. *Id.* at 482.

*Heck* instructs that if granting relief on a malicious prosecution action would necessarily call into question the validity of a criminal judgment, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

Reynolds's complaint does not indicate that the criminal proceedings have terminated in his favor or that, if he has been convicted, that his conviction has in any way been determined to be invalid in any forum. Absent that showing, as required by *Heck*, he is barred from bringing in a § 1983 action all of the claims he has asserted related to his criminal proceedings. *See id.*

### C. Excessive Force Claim

It also appears that Reynolds is attempting to assert both an excessive force claim against

---

[6] Dickenson County Circuit Court records reflect that there are active and pending criminal charges against Reynolds, assigned case numbers CR 19000187–190 and CR 19000197–98, including charges for attempted first-degree murder, malicious wounding, use of a firearm in the course of a felony, and others. To the extent Reynolds is raising constitutional challenges to these ongoing state criminal proceedings, I also must abstain from entertaining his claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention "generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (internal quotes and citations omitted).

5

the individual defendants (or some of them), pursuant to 42 U.S.C. § 1983, and perhaps an Eighth Amendment claim for the denial of medical treatment. The current allegations in his complaint, as supplemented, however, are insufficient to establish either claim.[7]

The Eighth Amendment prohibits prison officials from inflicting unnecessary and wanton pain and suffering on prisoners. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). To succeed on an excessive force claim, a plaintiff must show that the prison official (1) used "nontrivial" force (objective component), *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010), and (2) acted with "wantonness in the infliction of pain" (subjective component), *Whitley*, 475 U.S. at 322.[8] Here, Reynolds sets forth no factual allegations in support of an excessive force claim against any defendant other than Powers.

As to any claim against Powers, Reynolds's sparse factual allegations do not plausibly allege that Powers used "nontrivial" force, nor does Reynolds identify any injury that he suffered. While even a *de minimis* injury can give rise to an excessive force claim, here Reynolds does not allege that he suffered any injury at all or even experienced any pain, nor does he identify "nontrivial" force used.

As the *Wilkins* court explained:

> [N]ot "every malevolent touch by a prison guard gives rise to a federal cause of action." [*Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995.] "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."

---

[7] Reynolds does not identify whether, at the time of the alleged events, he was a convicted prisoner or a pretrial detainee. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535-538 (1979).

[8] If Reynolds was a pretrial detainee such that his claims should be evaluated under the Fourteenth Amendment, then the inquiry is solely an objective one, *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), but the detainee still must show that the force used was objectively unreasonable.

> *Id.*, at 9–10 (some internal quotation marks omitted). An inmate
> who complains of a " 'push or shove' " that causes no discernible
> injury almost certainly fails to state a valid excessive force claim.
> *Id.*, at 9 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.
> 1973)).

*Wilkins*, 559 U.S. at 37–38.

Reynolds alleges that Power jerked his arm up and down, that Reynolds subsequently "blacked out," and that Powers jerked his arm again. Although he states that Powers's actions were "excessive," he states no facts about the circumstances of that use of force. And although he states he "blacked out," he does not allege that the blacking out was caused—directly or indirectly—by the jerking. Aside from the momentary "blacking out," Reynolds does not allege that he suffered any injury whatsoever. A "jerking" of another's arm, especially with no "discernible injury," is akin to a "push or shove" that fails to state a valid excessive force claim. *See Wilkins*, 559 U.S. at 38. Accordingly, absent further factual allegations by Reynolds as to this claim, the claim is subject to dismissal. I will dismiss the claim without prejudice, however, and Reynolds may refile his claim against Powers in a separate lawsuit, providing additional detail as to the circumstances or manner of the "jerking" of his arm, as well as allegations concerning the injury suffered, if any.

### D. Denial of Medical Treatment

Reynolds also alleges, although in very general terms, that he was denied medical treatment. "It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).[9]

Here, Reynolds's claims fail on both prongs. First, he does not allege facts reflecting a "serious medical need." He does not allege any condition diagnosed by any physician; instead, he merely states that he "blacked out" one time and then regained consciousness. He does not identify any other symptoms that he experienced or that any of the defendants observed, nor does he allege that this happened on more than one occasion in front of these defendants. A person fainting or briefly losing consciousness one time is not a condition that "even a lay person would easily recognize" as requiring a doctor's attention. *See Gordon*, 937 F.3d at 356–57.

Moreover, to establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of an objectively serious medical need and disregarded that need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Reynolds's complaint does not allege facts to show that any of the defendants knew he had a serious medical need. All he alleges is that he blacked out

---

[9] Again, if Reynolds was a pretrial detainee at the time of the alleged events, then his claim should be evaluated instead under the Fourteen Amendment. Prior to *Kingsley*, the Fourth Circuit held that the standards were the same for either type of claim. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2011) ("In any case, we need not resolve whether Brown was a pretrial detainee or a convicted prisoner because the standard in either case is the same—that is, whether a government official has been 'deliberately indifferent to any [of his] serious medical needs.' ") (quoting *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990)) (alteration in original). As recently recognized by another judge of this court, several circuits have interpreted *Kingsley* as displacing prior subjective requirements, while others have held *Kingsley* applies only to excessive force claims. *Mays v. Sprinkle*, No. 7:18CV00102, 2019 WL 3848948, at *1 (W.D. Va. Aug. 15, 2019) (collecting and discussing authority). The Fourth Circuit has not yet applied *Kingsley* to a claim that a defendant was deliberately indifferent to a serious medical need. *Id.* Because Reynolds's deliberate indifference claim fails on the objective prong, which would remain the same in either case, it is not necessary to resolve this issue. *See Smith v. Whitley*, No. 5:17-CV-70374, 2018 WL 2770207, at *5 (W.D. Va. June 8, 2018) (concluding same).

and then regained consciousness. He does not allege that he was in any pain or that he conveyed he was in any pain, nor does he even allege that he *asked* for medical treatment. He simply says that he was not given medical treatment. These facts do not plausibly allege that any of the defendants were deliberately indifferent. To qualify as deliberate indifference, the prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. The conduct alleged here simply does not satisfy that standard. Even assuming the officers knew he had blacked out (as opposed to him simply resisting their directives to be fingerprinted, etc.), jerking someone up after they have passed out is not "grossly incompetent" conduct. Nor is denying them medical treatment once they have regained consciousness. In short, he has failed to allege a violation of his Eighth Amendment rights so as to state a plausible claim under § 1983.

III. CONCLUSION

For the foregoing reasons, I will summarily dismiss the action without prejudice under § 1915A(b)(1), except for the claims against the "Dickenson County Sheriff Dept.," which will be dismissed with prejudice. Nothing in this opinion precludes Reynolds from refiling the remaining claims in a new and separate civil action if he can correct the deficiencies described in this opinion, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e, and subject to the applicable statute of limitations.

An appropriate order will be entered.

**ENTER**: This 27th day of February, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE